JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-00395-CJC(RNBx)            Date: March 15, 2011

Title: <u>2010–2 SFR VENTURE, LLC v. TORWIN D. SESSIONS & DEIDRA A. SESSIONS</u>

PRESENT:

<u>**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**</u>

    <u>Michelle Urie</u>                               <u>N/A</u>
    Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

    None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT** [Notice of Removal filed 3/10/11]

     Plaintiff 2010–2 SFR Venture, LLC ("Plaintiff") filed suit in California state court on January 18, 2011 alleging unlawful detainer by Defendants Torwin and Deidra Sessions (collectively "Defendants") for their refusal to vacate the property located at 409 N. La Reina St. in Anaheim, California after the property was sold at a Trustee's Sale held on September 16, 2010. Notice of Removal Ex. E, at 12–13. Plaintiff is seeking damages of $51.53 per day from January 3, 2011 until judgment. *Id.* at 13. Defendants removed this action to federal court on March 10, 2011, purportedly on the basis of diversity of citizenship jurisdiction and 28 U.S.C. § 1443. Notice of Removal at 3, 6.

     The procedure for removal of a state court action to federal court is governed by 28 U.S.C. § 1446. Section 1446(a) requires a removing defendant to file a Notice of Removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Section 1446(b) further requires that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-00395-CJC(RNBx)   Date: March 15, 2011
   Page 2

> proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b). The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

   Plaintiff filed this suit on January 18, 2011. Notice of Removal Ex. E, at 7. A summons was issued on January 18, 2011, *id.* at 5–6, and a clerk's certificate of service by mail attached to Defendants' Notice of Removal indicates that service was mailed on January 19, 2011, *id.* at 3–4. Defendants did not remove this suit until March 10, 2011. Notice of Removal at 1. Defendants' Notice of Removal does not assert that Defendants filed for removal within § 1446(b)'s normal thirty day time limit. And Defendants' vague assertion that "there were times where they were not served or notified of courtroom hearings regarding the foreclosure or eviction of their property," Notice of Removal at 5, is insufficient to demonstrate compliance with the thirty day time limit.

   Defendants' Notice of Removal conclusorily contends that removal was timely because "the 'order or other paper'" that first permitted the Defendants to ascertain that the case was removable was "'The Vacate Ruling.'" *Id.* at 8. Defendants' Notice of Removal, however, fails to explain what the "'Vacate Ruling'" was, when it occurred, or why it was the "triggering event" that first permitted Defendants to ascertain that this case was removable. A search of Defendants' exhibits reveals that Plaintiff served Defendants with a Notice of Ruling dated February 24, 2011 that the state court had overruled Defendants' demurrer following a February 24, 2011 hearing. Notice of Removal Ex. E, at 22–24. Perhaps that is what the Defendants are referencing, but their

implied contention that the state court's ruling on Defendants' demurrer first permitted Defendants to ascertain that the case was removable because it indicated that the Defendants could not protect their federal rights, Notice of Removal at 7, or obtain due process, *id.* at 10, 15, in state court is without merit.

  Accordingly, the Court, on its own motion, hereby REMANDS this suit to state court because Defendants failed to demonstrate that they timely filed their Notice of Removal in compliance with the requirements of 28 U.S.C. § 1446(b).

tlh

MINUTES FORM 11  
CIVIL-GEN                            Initials of Deputy Clerk MU